UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LOUISE JOHNS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-0320 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for further proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income in July, 2011. Administrative Record ("AR") 18.[2] The disability onset date for both applications was alleged to be July 25, 2011. Id. The applications were disapproved initially and on reconsideration. Id. On August 7, 2013, ALJ Timothy S. Snelling presided over the hearing on plaintiff's challenge to the disapprovals. AR 38-73 (transcript). Plaintiff was present and testified at the hearing. Id. Plaintiff was represented by Robert M. Smolich, Esq., at the hearing. Id.

On September 13, 2013, the ALJ issued a partially favorable decision, finding plaintiff "not disabled" prior to March 15, 2012, but "disabled" after that date, under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 18-33 (ALJ decision), 34-38 (exhibit list). On December 8, 2014, after receiving counsel's brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and orders).

Plaintiff filed this action on February 6, 2015. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 22 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born on August 7, 1976, and accordingly was 35 years old on the alleged disability onset date, making plaintiff a "younger person" under the regulations. AR 31; see 20

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-9 (AR 1 to AR 420).

C.F.R §§ 404.1563(c) (age as a vocational factor), 416.963(c) (same).  Plaintiff has a high school education, and can communicate in English.  AR 31.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not

disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).
>
> 3. [Step 2] Since the alleged onset date of disability, July 25, 2011, the claimant has had the following medically severe combination of impairments: systemic lupus erythematosus, acute rheumatoid arthritis, generalized anxiety disorder, chronic pain syndrome, possible stress fracture distal tibia, degenerative changes of the thoracic and lumbar spine, mood disorder, polyarthralgia, polymyalgia, chronic bronchitis, and migraine headaches. Beginning on the established onset date of disability, March 15, 2012, the claimant has had the following additional medically severe combination of impairments: fibromyalgia syndrome, lower extremity edema, generalized osteoarthritis of the hands, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] Since the alleged onset date of disability, July 25, 2011, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that prior to March 15, 2012, the date the claimant

5

became disabled, the claimant had the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b): she was limited to occasional climbing of ladders, ropes, and scaffolds. In addition, she required the use of a cane for long distance walking of more than 50 yards. Furthermore, the claimant was required to avoid concentrated exposure, *i.e.,* intense, continuous, intractable, unremitting exposure, to pulmonary irritants and hazards. She could have more than frequent but less than constant face-to-face interaction with the general public although the claimant can work in close proximity or along-side people without difficulty.

6. [Preparation for Step 4] After careful consideration of the entire record, I find that beginning on March 15, 2012, the claimant has the residual functional capacity to perform a substantially reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b): she was limited to occasional climbing of ladders, ropes, and scaffolds. In addition, she required the use of a cane for long distance walking of more than 50 yards. Furthermore, the claimant was required to avoid concentrated exposure, *i.e.,* intense, continuous, intractable, unremitting exposure, to pulmonary irritants and hazards. She could have more than frequent but less than constant face-to-face interaction with the general public although the claimant can work in close proximity or along-side people without difficulty. However, she is unable to maintain regular attendance at work or withstand a normal workday or workweek secondary to chronic pain.

7. [Step 4] Prior to March 15, 2012, the claimant was capable of performing past relevant work as a receptionist. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

8. [Step 4, continued] Beginning on March 15, 2012, the claimant's residual functional capacity has prevented the claimant from being able to perform past relevant work (20 CFR 404.1565 and 416.965).

9. [Preparation for Step 5] The claimant was a younger individual age 18-49 on March 15, 2012, the established disability onset date (20 CFR 404.1563 and 416.963).

10. [Preparation for Step 5] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

11. [Preparation for Step 5] The claimant does not have work skills that are transferable to other occupations within the residual functional capacity defined above (20 CFR 404.1568 and 416.968).

12. [Step 5] Since March 15, 2012, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c),

404.1566, 416.960(c), and 416.966).

13. The claimant was not disabled prior to March 15, 2012, (20 CFR 404.1520(f) and 416.920(f)) but became disabled on that date and has continued to be disabled through the date of this decision (20 CF'R 404.1520(g) and 416.920(g)).

14. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2011, the date last insured (20 CFR 404.315(a) and 404.3 20(b) ).

AR 18-32.

## VI.  ANALYSIS

Plaintiff challenges the ALJ's finding that plaintiff did not become disabled until March 12, 2015.  According to plaintiff, she was already disabled by the time of her "date last insured" ("DLI"), namely, December 31, 2011.  This date matters because in order for plaintiff to obtain disability insurance benefits, she must have been disabled as of the DLI.  Plaintiff alleges that the ALJ erred by failing to properly consider the treating physician's opinion, which, she asserts, establishes her disability as of October 4, 2011.[3]

Timothy Hooper, M.D., is plaintiff's treating physician.  See AR 26 (Dr. Hooper is plaintiff's "primary care physician").  Plaintiff argues that the ALJ erred by failing to even mention Dr. Hooper's October 4, 2011 opinion.  See ECF No. 14 at 16.  The opinion plaintiff refers to is a one-page "Verification of Physical or Mental Disability (Food Stamp Program)," which Dr. Hooper completed on October 4, 2011.  AR 224.

Plaintiff is correct that the ALJ does not mention this opinion.  Defendant argues that the omission is not reversible error because the opinion is on the ultimate issue of disability.

### A.  Physician Opinions on the Ultimate Issue of Disability

Dr. Hooper's opinion was that plaintiff's numerous, listed, conditions are "preventing her from being able to return to work."  AR 224.  This is an opinion on the ultimate issue of disability, and as such is not a "medical opinion."  20 C.F.R. §§ 404.1527(d)(1) ("ultimate issue"

---

[3] Because this action will be remanded for further proceedings based upon the first error, the court does not address additional claims of error.

7

opinions include those that a claimant is "'disabled' or 'unable to work'"), 416.927(d)(1) (same); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("[i]n disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability – the claimant's ability to perform work").

It is true that a treating physician's statement on the ultimate issue of disability – an issue reserved to the Commissioner – is not binding on the ALJ or entitled to special weight. Id. §§ 404.1527(d)(3) (the Commissioner is not required to give "any special significance" to opinions on the ultimate issue of disability), 416.927(d)(3) (same); McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("[t]he law reserves the disability determination to the Commissioner"). The ALJ was, therefore, not bound by Dr. Hooper's assertion that plaintiff was unable to return to work. Reddick, 157 F.3d at 725 ("[t]he administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability").

However, the ALJ may not reject the treating physician's uncontroverted opinion – even on the ultimate issue of disability – without stating clear and convincing reasons for doing so. Reddick, 157 F.3d at 725 ("[t]he administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so") (internal quotation marks omitted). "In sum, reasons for rejecting a treating doctor's credible *opinion on disability* are comparable to those required for rejecting a treating doctor's *medical opinion*." Reddick, 157 F.3d at 725 (emphases added).

Here, the ALJ did not give clear and convincing reasons for rejecting Dr. Hooper's October 4, 2011 opinion. In fact, the ALJ gave no reasons for rejecting the opinion, as he did not mention that opinion at all. This was error. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) ("[w]here an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs"). Moreover, the error is not harmless, because if the opinion is correct, then plaintiff was disabled as of October 4, 2011, before her date last insured, and she would therefore be entitled to disability insurance benefits.

1         B. Clinical Findings and Limitations

2         The Commissioner argues that Dr. Hooper did not "include any clinical findings or

3 limitations" in the October 4, 2011 opinion.[4] ECF No. 22 at 9. However, the Commissioner does

4 not explain why that is sufficient grounds to completely ignore the opinion, particularly when it is

5 preceded by a listing of the plaintiff's impairments – "Lupus/Rheumatoid Arthritis;

6 painful/swollen joints, legs, ankles; painful back & neck; extreme fatigue." AR 225. Moreover,

7 contrary to the Commissioner's implication, this is not an opinion that appears out of the blue, nor

8 is it unsupported by any medical examinations or treatments. In fact, Dr. Hooper examined and

9 treated plaintiff on several occasions, and based upon his examinations, assessed plaintiff with

10 some or all of the listed impairments, on February 7, 2011 (AR 368), March 7, 2011 (AR 364),

11 April 4, 2011 (AR 360), May 2, 2011 (AR 356), June 7, 2011 (AR 352), and August 25, 2011

12 (AR 348).

13         The ALJ, without specifically mentioning the October 4, 2011 opinion, states that "there

14 is no diagnostic evidence supporting a further limitation" prior to March 15, 2012. AR 26. A

15 treating physician's uncontroverted medical opinion, when fully supported by diagnostic

16 evidence, is generally given controlling weight by the Commissioner. See 20 C.F.R. §§

17 404.1527(c)(2) ("[i]f we find that a treating source's opinion on the issue(s) of the nature and

18 severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory

19 diagnostic techniques and is not inconsistent with the other substantial evidence in your case

20 record, we will give it controlling weight"), 416.927(c)(2) (same). However, the absence of

21 "diagnostic evidence" does not mean the ALJ can completely ignore the opinion of a treating

22 physician. To the contrary, even when the opinion is not given controlling weight, the

23 Commissioner must still give "good reasons" for weight given to the opinion. Id.; Garrison, 759

24 F.3d at 1012 ("when a treating source's opinions are not given controlling weight, ALJs must

---

[4] Dr. Hooper did not formally write up his opinion on plaintiff's limitations until March 15, 2012. See AR 321-24 ("Physical Residual Functional Capacity Questionnaire"). There, he reports that plaintiff's impairments "lasted" or could be "expected to last" at least twelve months. AR 322.

apply the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i-ii) and (c)(3-6) in determining how much weight to give each opinion").

## VII.  REMAND

For the reasons set forth above, the ALJ erred in ignoring the treating physician's opinion. That error was not harmless, because if Dr. Hooper's opinion is credited as true, plaintiff was not capable of working as of October 4, 2011.  AR 224.  The ALJ, to the contrary, found that plaintiff was capable of working as of that date.  AR 29.

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'"  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

> More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis,[5] the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'"  Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101).  This step is not satisfied here.

////

---

[5] As discussed above, the first step is satisfied because the ALJ failed to provide legally sufficient reasons for rejecting or ignoring Dr. Hooper's opinion.

The ALJ decision entirely ignores Dr. Hooper's opinion.  This leaves the record incomplete, since the ALJ was required to address that opinion.  Because the record has therefore not been fully developed, the court will remand the matter for further proceedings.  See Dominguez , 808 F.3d at 407 (remand for further proceedings is appropriate where the record is not "fully developed").

## VIII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 22), is DENIED;
3. This matter is REMANDED to the Commissioner under sentence four of 42 U.S.C.§ 405(g), for further proceedings consistent with this decision; and
4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED:  September 6, 2016

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE